### STREET v. JOHNSON et al.

#### No. 4623.

Court of Civil Appeals of Texas. Amarillo.

June 22, 1936.

Rehearing Denied Sept. 7, 1936.

S. E. Fish, of Amarillo, for appellant.

Gibson & Sutton, of Amarillo, for appellees.

MARTIN, Justice.

Appellant sued appellees, Sherry, Johnson, Jones, and the Panhandle Building & Loan Association, the first two for specific performance, and, in the alternative, all appellees, for damages.

The trial court sustained a general and four special demurrers to appellant's petition. His action in so doing is the only legal issue before this court. The controlling · exceptions, in so far as they affect the disposition of the question decided, amounted in our opinion to general demurrers, since they called in question only the sufficiency of appellant's petition to state a cause of action upon a contract for the sale of real estate under the statute of frauds.

Appellant's petition, as we understand it, attempted to present, in the main, two theories, viz.: An executed contract, and, if not, a valid executory one for the sale of the property described below. We do not discuss the first of these.

It is our opinion that it sufficiently stated a cause of action upon the second theory as against a general demurrer. It is lengthy and involved. In substance and effect it alleged, respecting the second theory, that Sherry owned and possessed four duplexes, two on lot No. 6, and one each on lots Nos. 4 and 5, in block No. 9, Denver Heights addition to Amarillo, Potter county, Tex.; that he instructed his agent Johnson in writing to sell these houses to appellant for as much as she could get; that she contacted appellant and he agreed to pay $1,000 for them; that a bill of sale was first delivered to appellant, properly conveying these, with his name and the consideration left blank, but with instructions to fill these in; that a small defect in the title developed, but an agreement was reached to close the trade upon conditions not here necessary to set out. His petition proceeds:

"Petitioner further represents to the court 'that in the event the court should

find that the contract heretofore alleged for the sale of said houses to petitioner was not a fully executed contract, other than the payment of the consideration, then he alleges that the letters, writings, and telegrams passing to and from W. A. Sherry and Sarah E. Johnson, or at her behest and which were exhibited to petitioner and which instructed the said Sarah E. Johnson to sell said houses to petitioner which she agreed to do and which was approved of by W. A. Sherry for the sum of $1000, the bill of sale to said houses, executed by the said W. A. Sherry and delivered to petitioner and which contained a warranty of title, it being understood and agreed that petitioner's name should be inserted therein as purchaser, likewise that petitioner should insert a consideration; constituted a contract for the sale and purchase of said houses, that the above letters, telegrams, writings and bill of sale are in the possession of W. A. Sherry, Sarah E. Johnson, or other person who acted for her in writing and transmitting such and petitioner is unable to plead the contents of such letters, telegrams, writings, and bill of sale more definitely,' that respondents, W. A. Sherry and Sarah E. Johnson, are hereby given notice to produce all such telegrams, letters, and bill of sale, upon the trial of this cause or secondary evidence will be offered to prove the contents of such letters, telegrams and writings in establishing such a contract of sale and purchase of said houses."

 Thereafter the petition discloses appellant offered said houses for sale, and made claim to same as owner, all prior to the repudiation of the contract by the owner. Appellant alleges, when his petition is considered as a whole, in effect, a final contract in writing, signed by appellee Sherry for the sale of same. He did not allege that he signed any written obligation to pay, or ever paid, but alleges in substance that he was offering to perform his obligation as agreed upon when the contract was repudiated and the property sold to the last-named defendants. The various contentions of appellees as to specific performance are sufficiently answered by the following quotations:

"A memorandum which states a sale of land, identifying it by an adequate description, and which specifies the price and is dated and signed by the seller, is sufficient to support a suit for specific performance against him.

"Nor need the writing contain all of the stipulations upon which the parties may have agreed.

" 'The object of the statute was to abrogate parol titles and this is sufficiently accomplished by a promise to convey the land * * without requiring the other terms of the agreement to be stated.' " 20 Tex.Jur. p. 311.

"When the memorandum contains within itself, all the particulars of a concluded contract, it need only be signed by the party against whom it is sought to be enforced: Morris v. Gaines, 82 Tex. 255, 17 S.W. 538; Morrison v. Dailey ([Tex.] Sup.) 6 S.W. [426] 427; Ragsdale v. Mays, 65 Tex. [255] 256; Hazzard v. Morrison [Tex.Civ.App.] 130 S.W. 244, affirmed by Supreme Court 104 Tex. 589, 143 S.W. 142." Donada v. Power (Tex. Civ.App.) 184 S.W. 793, at page 796.

"The written evidence that is required by the statute need not be comprised in a single document, the requirement may be satisfied by two or more scripts in combination—for instance, letters passing between the parties or telegrams." 20 Tex. Jur. p. 308.

"A letter or telegram sufficient as to contents and signature to constitute a memorandum satisfying the statute of frauds, or a part of such memorandum if more than one writing is involved, is adequate for this purpose, even though it is not intended for, addressed, delivered, or known to the other contracting party." 27 C.J. p. 301.

"The rule is settled in this state that it is not necessary that the consideration of the contract of sale of lands should be expressed in the writing." 20 Tex.Jur. p. 315.

"It is a rule of pleading, and which has been repeatedly recognized by this court, that even contracts which, by the statute of frauds, are required to be in writing, need not be thus averred, this being a question of evidence, not of pleading." Lewis v. Alexander, 51 Tex. 578, 585.

Measured by the above rules, we are of the opinion that appellant was entitled to the opportunity to prove his case, and the court's action in dismissing same was error.

 There is an alternative plea for damages. As to the two appellees last named, this part of appellant's cause of action is predicated upon the theory that

they interfered with and caused the breach of the contract already discussed. We deem it unnecessary to discuss this further than to say a cause of action for damages was pleaded, if the purported contract between appellant and appellee Sherry was valid under the statute of frauds. Bowen v. Speer (Tex.Civ.App.) 166 S.W. 1183, 1185, and authorities there cited; 25 Tex.Jur. p. 34 et seq. In fact, appellees do not apparently question this. Because the question may never arise, we do not decide the rights of the parties under a mere parol sale of this property, but call attention to the annotated case of Sorenson v. Chevrolet Motor Co., 171 Minn. 260, 214 N.W. 754, 84 A.L.R. 35, and notes at pages 49 and 60.

Judgment reversed and cause remanded.