**CHAKUR v. ZENA.**

No. 12144.

Court of Civil Appeals of Texas.
San Antonio.

Sept. 27, 1950.

Levey & Goldstein, San Antonio, for appellant.

Baskin, Casseb & Casseb, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Mike G. Chakur against Steve Zena, originally in the nature of a trespass to try title to Lot 95, N.C.B. 2977, situated in the City of San Antonio, Bexar County, Texas, but by amended original petition the suit was changed to one for specific performance of an alleged contract in writing in which Steve Zena agreed to sell and Mike Chakur agreed to buy said above described lot for the alleged sum of $4,500 in cash. The trial court sustained certain special exceptions to this petition and, denying plaintiff the right to amend, dismissed the cause with prejudice, from which judgment appellant, Mike G. Chakur, has prosecuted this appeal.

Appellee objects to our consideration of appellant's points for various reasons, but we have examined the points and find that they are sufficient and entitled to consideration.

Appellant in his petition alleged that he and appellee entered into an agreement in writing whereby appellee agreed to sell and appellant agreed to buy for a cash consideration of $4,500 said lot above described; that he tendered to appellee the alleged consideration and requested a conveyance of said property, but appellee refused to accept the tender and to make the conveyance. One of the exceptions sustained by the trial court was to the effect that such allegations are indefinite, uncertain and ambiguous. This exception was improperly sustained. The allegations of appellant's petition were sufficient to state a cause of action. Street v. Johnson, Tex. Civ.App., 96 S.W.2d 427, 20 Tex.Jur. 311.

Another exception sustained by the court was to the effect that the allegations contained in paragraph 3 of appellant's second amended original petition, were allegations of evidence, not based upon any facts, and were matters of an evidentiary nature. The allegations contained in paragraph 3 of appellant's second amended original petition are allegations of fact and are sufficient to state a cause of action for specific performance of a written contract to convey land, and this exception was improperly sustained by the court.

Appellee also excepts to appellant's petition because it did not set forth the essential terms of said agreement to convey real estate, but we cannot agree with this contention. The petition alleged that the agreement was entered into in writing between the parties, the consideration therefor is stated, the description of the land is complete, the contract is alleged to be in possession of appellee and signed by him and he was given notice to present it on the trial. It is further alleged that appellant has tendered to appellee the consideration and demanded a deed which appellee has refused to execute. These allegations are sufficient to state a cause of action for a specific performance for the sale of real estate and are not subject to the exception that the petition does not set forth the essential terms of the agreement. Street v. Johnson, Tex.Civ.App., 96 S.W.2d 427, 20 Tex.Jur. 311.

The petition also alleges that the contract was in writing and therefore the exception that it could not be enforced

under the Statute of Frauds, art. 3995, § 4, was not tenable.

■ Appellee's exceptions do not point out with particularity any defect, omission, obscurity, duplicity, generality or other insufficiency of the allegations of appellant's petition, as is required by Rule 91, Texas Rules of Civil Procedure, and they were improperly sustained by the trial court.

■■ Appellee seems to take the position that appellant would not be entitled to specific performance of a written contract to convey land unless he is able to produce the written contract in court, and that he should not be permitted to prove the existence of such a written contract by parol evidence. We overrule this contention. Where an agreement is made in writing to convey real estate, containing the essential parts of such contract, the party may secure specific performance of such written contract although he is unable to produce the written instrument, by proving up its terms by parol evidence. 17 Tex.Jur. p. 493, § 193. In 49 Am.Jur. p. 630, § 315, the rule is stated thus: "Loss of Memorandum. A contract is not rendered unenforceable by the loss of the memorandum required by the statute. The rule is that where the memorandum required by the statute was duly made and signed by the party to be charged, and is afterward lost or destroyed, its contents may be proved by oral testimony in an action against such party. The loss of a will constituting a memorandum of an agreement made between the testator and another does not render the contract unenforceable. Proof, however, to establish the lost memorandum of a contract must be clear and convincing. The memorandum itself is, of course, the best evidence of its contents, and if its loss or destruction is not proved, secondary evidence is not admissible."

■ In 37 C.J.S., Frauds, Statute of § 284, it is said:

"Lost memorandum. Where a lost memorandum is relied on, the proofs must be reasonably clear and certain. Proof of a statement by defendant that an order for merchandise sent by letter had been accepted by mail is sufficient to establish such a written memorandum of sale, although the acceptance was not received by plaintiff."

■ The court clearly erred in awarding appellee the entire $800 deposited in the registry of the court to secure the reasonable rental of the property in the event appellant failed to recover said Lot 95, without hearing evidence as to the value of such reasonable rental, but this question becomes unimportant here, as the entire judgment must be reversed.

The judgment of the trial court is reversed and the cause remanded for a new trial.