**John P. GANNON, Petitioner,**

v.

**John H. BAKER III, et al., Respondents.**

**No. D–1132.**

Supreme Court of Texas.

Nov. 6, 1991.

John Roberson, Gregory Neill Jones, Houston, for petitioner.

Thomas R. McDade, Lee A. Hunnell, Houston, for respondents.

PER CURIAM.

The issue in this case is whether minutes of a corporate meeting constitute a written agreement of persons present precluding parol evidence concerning the agreement. We hold, in the circumstances presented, that they do not.

John P. Gannon and Bill Nail were each fifty-percent owners of J & B Sign Co., an outdoor sign business. In 1976, Gannon and Nail agreed to bring in John H. Baker, III, as a co-owner. At an organizational meeting, the parties agreed that Baker would hold sixty percent of the corporation's stock, while Gannon and Nail would each hold twenty percent. Additionally, the parties signed a trust agreement entitling Baker to vote the other owners' shares for so long as the corporation remained liable on any obligation requiring the personal guaranty of any of the shareholders.

According to the minutes of the organizational meeting, Gannon and Nail each offered to transfer certain assets to the corporation. In return, the corporation would "as full payment for said property issue to said offerors 200 shares each of the fully paid and non-assessable shares of this corporation...." The minutes were prepared by Baker's counsel after the close of the organizational meeting. None of the three shareholders signed the minutes.

Gannon subsequently brought this suit against Baker and the corporation, claiming, among other things, that Baker had breached an oral agreement to "level" the partners' ownership of stock once Baker's personal guaranty was no longer needed on the corporation's obligations. Gannon asserted that Baker had agreed to that arrangement at the organizational meeting, and had promised to reduce the agreement to writing; and that Baker had since failed to redistribute any of the corporation's stock, even though the corporation was of sufficient strength that it no longer needed Baker's personal guaranty.

The trial court granted summary judgment for Baker regarding the alleged oral agreement. The court of appeals affirmed, holding that "evidence of the prior oral leveling agreement is barred by the parol evidence rule as to the corporation." 807 S.W.2d 793, 800. In reaching that conclusion, the court of appeals determined that "the organizational minutes, Gannon's affidavit in response to J & B's motion for summary judgment, and the trust agreement show a written contract for the purpose of the parol evidence rule as to the corporation." *Id.* We disagree.

The parol evidence rule applies only to contractual or jural writings evi-

**756**

dencing the creation, modification, termination or securing of a particular right or obligation. *Brannon v. Gulf States Energy Corp.*, 562 S.W.2d 219, 222 (Tex.1977). The rule does not apply to mere statements or recitals of past facts. *See* 2 C. McCormick & R. Ray, Texas Law of Evidence § 1612 (Texas Practice 1980). Corporate records are generally not operative legal transactions for the purpose of the parol evidence rule. *See, e.g., Miller v. Kendall*, 804 S.W.2d 933, 940–41 (Tex.App.—Houston [1st Dist.] 1990, no writ); *cf. Bowers Steel, Inc. v. DeBrooke*, 557 S.W.2d 369 (Tex.Civ.App.—San Antonio 1977, no writ) (treating minutes signed by the plaintiff as a written agreement).

■ In this case, the corporate minutes do not reflect an agreement but merely recite the consideration for issuance of corporate stock. Moreover, neither the written trust agreement nor Gannon's affidavit bars evidence of the alleged oral agreement, since the terms of those writings are not inconsistent with the terms of the alleged oral agreement. *See Bowers Steel*, 557 S.W.2d at 373. Thus, Baker was not entitled to summary judgment on the grounds that the parol evidence rule barred evidence of the oral leveling agreement.

Accordingly, a majority of the court grants Gannon's application for writ of error, reverses that portion of the judgment of the court of appeals concerning the oral leveling agreement, and remands this cause to the court of appeals for consideration of the remaining arguments asserted in Baker's motion for summary judgment concerning the alleged oral leveling agreement.