00-00260 Bank of America v Haag.wpd



No. 04-00-00260-CV



BANK OF AMERICA, N.A. f/k/a NationsBank of Texas, N.A.,


Appellant



v.



Thomas P. HAAG,


Appellee



From the County Court at Law No. 7, Bexar County, Texas


Trial Court No. 236879


Honorable Irene A. Rios, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Karen Angelini, Justice

 

Delivered and Filed: November 8, 2000


AFFIRMED


 Bank of America, N.A. ("Bank of America"), formerly known as NationsBank of Texas,
N.A., appeals a judgment rendered in favor of Thomas P. Haag ("Haag") after a bench trial. Bank
of America presents eight issues in its brief complaining of the trial court's admission of certain
evidence and of the sufficiency of the evidence to support the trial court's findings. We overrule
Bank of America's contentions and affirm the trial court's judgment.

Factual Background


 In the mid-1980s, Haag opened an account at University Savings for the future education of
his son, Eric. The account was opened as a "trustee-type of account," and Haag was the only person
on the signature card. Haag was told that he was the only person with access to the account and that
his son could not get any money out of the account without Haag's signature.

 University Savings went into receivership, and NCNB Texas National Bank purchased its
assets from the FDIC. NCNB subsequently changed its name to NationsBank of Texas, N.A. and
later to Bank of America. As a result, all of University Savings' records were converted into Bank
of America's records. Bank of America did not input the information regarding University Savings'
accounts into its system based on the information contained in the signature cards. Instead, the
information "was drawn directly from the system of the other institution." Bank of America "relied
on the systems that reported over from [University Savings'] system."

 Both NCNB and NationsBank sent Haag statements relating to the account starting in 1990.
The name printed on the statement was "Eric J. Haag or Thomas P. Haag." The statement listed
Thomas's address and Eric's social security number.

 When Haag received his account statement in February of 1996, the statement reflected a
withdrawal of $14,524.44, leaving a negative balance of $17.08. Haag immediately called the bank
and was informed that Eric had made the withdrawal. The bank informed Haag that the withdrawal
was authorized because the account was a joint account. Haag subsequently sued the bank for
various causes of action.

 The case was tried to the bench, and the trial court entered findings of fact and conclusions
of law. The court found that Haag opened an account in trust for his minor son in the mid 1980s.
The money in the account was set aside for Eric's education, and Eric's receipt of the money was
contingent upon his attending college. Haag was the only individual who signed an
authorization/signature card on the account and was the only person authorized to make withdrawals
on the account. NationsBank changed the name of the account to read "Eric J. Haag or Thomas P.
Haag" for reasons unknown, but Eric J. Haag never signed an authorization/signature card for the
account. NationsBank failed to maintain records of the individuals authorized to make withdrawals
or otherwise act with respect to the account. NationsBank's payment of the $14,524.44 in the
account to Eric J. Haag was unauthorized. The trial court rendered judgment in Haag's favor in the
amount of $14,524.44, plus pre-judgment and post-judgment interest, and $3,000 in attorneys' fees.

Parol Evidence


 In its first point of error, Bank of America contends that the trial court erred in admitting
Haag's testimony to establish the terms of his account. Bank of America asserts that only the type
of evidence listed in section 34.301(a) of the Texas Finance Code is admissible to establish the terms
of the account. Section 34.301(a) permits a deposit contract between a bank and an account holder
to be evidenced by "one or more agreements, deposit tickets, signature cards, or notices as provided
by Section 34.302, or by other documentation as provided by law." See Tex. Fin. Code Ann. §
34.301(a) (Vernon Supp. 2000). Bank of America contends that the admission of Haag's testimony
violated the parol evidence rule and was without probative force.

 The parol evidence rule precludes consideration of extrinsic evidence to contradict, vary or
add to the terms of an unambiguous written agreement. In re H.E. Butt Grocery Co., 17 S.W.3d 360,
369 (Tex. App.--Houston [14th Dist.] 2000, orig. proceeding). The parol evidence rule applies only
to contractual writings evidencing the creation, modification, termination or securing of a particular
right or obligation. Gannon v. Baker, 818 S.W.2d 754, 756-57 (Tex. 1991). The rule does not apply
to mere statements or recitals of past facts. Id. Corporate records are generally not operative legal
transactions for the purpose of the parol evidence rule. Id.

 Bank of America seeks to rely on the account statements that commenced in 1990 as an
unambiguous written agreement which the parol evidence rule prohibits from being contradicted or
varied by extrinsic evidence. However, the account statements do not evidence the creation of the
account, but simply record the information that was transferred to Bank of America's system from
University Savings' system. The account statements are not the operative legal document that
created the account. See id. The signature card, which evidenced the terms of the agreement
between University Savings and Haag, was not admitted into evidence. When a written, signed
contract is lost or destroyed such that the party seeking to prove or enforce the agreement is unable
to produce the written agreement in court, the existence and terms of the written contract may be
shown by clear and convincing parol evidence. See EP Operating Co. v. MJC Energy Co., 883
S.W.2d 263, 267 n.1 (Tex. App.--Corpus Christi 1994, writ denied); Chakur v. Zena, 233 S.W.2d
200, 202 (Tex. Civ. App.--San Antonio 1950, no writ); see generally Mark K. Glasser & Keith A.
Rowley, On Parol: The Construction and Interpretation of Written Agreements and the Role of
Extrinsic Evidence in Contract Litigation, 49 Baylor L. Rev. 657, 734-35 (1997). Because the
written contractual documents evidencing the creation of Haag's account were not introduced into
evidence, the trial court did not err in admitting Haag's testimony regarding the terms of the account.
Bank of America's first point of error is overruled. (1)


Sufficiency of the Evidence


 Bank of America's remaining points of error relate to the legal sufficiency of the evidence
to support various findings made by the trial court. Although Bank of America lists seven issues
relating to legal sufficiency, we will only address those issues for which Bank of America has
presented argument. See Tex. R. App. P. 38.9. The only issues briefed by Bank of America are its
contentions that: (1) Haag is estopped to deny Eric's authority to withdraw the money; (2) no
evidence of an enforceable trust agreement existed; and (3) no evidence that Eric was not authorized
to withdraw the money existed.

 Bank of America contends that Haag is estopped to deny Eric's authority to withdraw the
money because he never notified the bank that the account statements were erroneously addressed
to "Eric J. Haag or Thomas P. Haag." In support of this contention, Bank of America relies on the
estoppel by silence doctrine. However, estoppel by silence arises only if a person is under a duty to
speak, and an affirmative duty to speak arises only when a confidential or fiduciary relationship
exists between the parties. See Williams v. Stansbury, 649 S.W.2d 293, 296 (Tex. 1983); City of
Houston v. McDonald, 946 S.W.2d 419, 421 n.2 (Tex. App.--Houston [14th Dist.] 1997, pet.
denied). Bank of America does not argue that such a relationship existed between it and Haag.
Section 4.406 of the Texas Business and Commerce Code sets forth the only duty a customer has
when it receives a statement of account. See Tex. Bus. & Com. Code Ann. § 4.406 (Vernon Supp.
2000). The duty under section 4.406 requires a customer to examine his statement and determine
whether a payment was not authorized because of an alteration of an item or because a purported
signature by or on behalf of the customer was not authorized. See id. A customer does not have a
duty under section 4.406 to examine an account statement and determine that the terms of the
account have changed from the terms originally agreed upon solely based on the names to which the
statement is addressed. Because Haag had no duty to speak under these circumstances, estoppel by
silence does not apply.

 Bank of America also complains that Haag failed to offer any evidence of an enforceable
trust agreement. However, such evidence was not required. Section 65.106 of the Texas Finance
Code (formerly article 852a, section 6.12 of the civil statutes) provides that if an association opens
a savings account for a person claiming to be the trustee and the association has no other written
notice of the existence or terms of a trust, the only person that may withdraw money from the
account is the person claiming to be the trustee unless that person dies. See Tex. Fin. Code Ann.
§ 65.106(a) (Vernon 1998). Section 65.106, therefore, recognizes that a person may open a savings
account in trust for another without presenting an enforceable trust agreement. In such a case, the
association can properly pay only the person claiming to be the trustee. The person claiming to be
the trustee in this case was Haag.

 Finally, Bank of America complains that Haag did not introduce any evidence that Eric was
not authorized to withdraw money from the account. This complaint ignores Haag's testimony that
the account was set up as a "trustee-type account," in which case the only person who could properly
withdraw the money was Haag as trustee. See id. The complaint further ignores Haag's testimony
that he was the only person who signed the signature card and that University Savings told him he
was the only person with access to the account, which meant Eric could not get any money out of
the account without Haag's signature. Haag's testimony is legally sufficient evidence to support the
trial court's finding that Eric was not authorized to withdraw money from the account.


Conclusion


 The trial court's judgment is affirmed.


 PHIL HARDBERGER, 

 CHIEF JUSTICE


PUBLISH
1. We note that Bank of America did not raise any issue in its brief with regard to the trial court's ruling relating
to 12 U.S.C. § 1823(e) (generally referred to as the D'Oench Duhme doctrine).