# IN THE SUPREME COURT OF TEXAS

═══════════
No. 10-0674
═══════════

AUSTIN STATE HOSPITAL, DR. VIKAR NUZHATH,
AND DR. ERIK LINDFORS, PETITIONERS,

v.

JOEL GRAHAM, RESPONDENT

═══════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS
═══════════════════════════════════════

**PER CURIAM**

The issue presented is whether an employee of a governmental unit may take an interlocutory appeal from an order denying his motion to dismiss based on section 101.106(e) of the Texas Civil Practice and Remedies Code. We hold that he can and reverse the judgment of the court of appeals. 319 S.W.3d 905 (Tex. App.–Dallas 2010).

Joel Graham sued Austin State Hospital, a governmental unit, and two of its employees, Dr. Vikar Nuzhath and Dr. Erik Lindfors ("the Doctors"), on health care liability claims. The Hospital moved to dismiss the claims against the Doctors under section 101.106(e) of the Texas Tort Claims Act, which states: "If a suit is filed under [the Act] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE § 101.106(e). The Doctors also moved to

dismiss under section 101.106 (a) and (e).  Graham then nonsuited the Hospital, asserting that its motion to dismiss was thereby mooted.  The Hospital and the Doctors objected, arguing that the nonsuit could not be used to defeat its statutory right to the immediate dismissal of its employees, and, in support of their objections and motions, later filed an affidavit in which a Hospital assistant superintendent asserted that the Doctors were Hospital employees.  The trial court denied the Doctors' motions and did not rule on the Hospital's.

The Hospital and Doctors appealed.  The court of appeals concluded that the Hospital was no longer a party to the action, 319 S.W.3d at 907 n.2, and that it lacked jurisdiction over the Doctors' appeal under Section 51.014(a) of the Civil Practice and Remedies Code, *id*. at 907-908.  Section 51.014(a) allows an appeal

> from an interlocutory order . . . that:
>
> *        *        *
>
> (5)      denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer of employee of the state or a political subdivision of the state; [or]
>
> *        *        *
>
> (8)      grants or denies a plea to the jurisdiction by a government unit . . . .

The court held that a government employee's motion to dismiss based on section 101.106(e) is neither a motion for summary judgment, as required by section 51.014(a)(5), nor a plea to the jurisdiction, as required by section 51.014(a)(8).

2

The Hospital and Doctors petitioned for review. We have jurisdiction to determine the court of appeals' jurisdiction. *E.g.*, *Univ. of Tex. Sw. Med. Ctr. v. Margulis*, 11 S.W.3d 186, 187 (Tex. 2000) (per curiam); *Long v. Humble Oil & Ref. Co.*, 380 S.W.2d 554, 555 (Tex.1964).

In holding that section 51.014(a)(5) allows an appeal only from the denial of a motion for summary judgment asserting immunity, not a motion to dismiss making the same assertion, the court of appeals relied on its prior decision in *Hudak v. Campbell*, 232 S.W.3d 930, 931 (Tex. App.–Dallas 2007, no pet.). The court reasoned that "[a] motion for summary judgment implicates very specific procedural safeguards, levels and burdens of proof, and standards of review [that] are strictly enforced" and do not apply to motions to dismiss. *Id.* (citations omitted). But we have held, under section 51.014(8), that "an interlocutory appeal may be taken from a refusal to dismiss for want of jurisdiction whether the jurisdictional argument is presented by plea to the jurisdiction or some other vehicle, such as a motion for summary judgment." *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) (citing *Harris County v. Sykes*, 136 S.W.3d 635 638 (Tex. 2004) ("If the trial court denies the governmental entity's claim of no jurisdiction, whether it has been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise, the Legislature has provided that an interlocutory appeal may be brought.")). "The reference to 'plea to the jurisdiction' is not to a particular vehicle but to the substance of the issue raised." *Simons*, 140 S.W.3d at 349. The court of appeals did not mention *Simons* in *Hudak* or in the present case.

We see no reason for limiting section 51.014(a)(5) appeals to one specific procedural vehicle when section 51.014(a)(8) appeals are not so limited. Every other court to address the issue has agreed. *Reedy v. Pompa*, 310 S.W.3d 112, 114 n.1 (Tex. App.–Corpus Christi-Edinburg 2010),

3

*rev'd on other grounds*, 332 S.W.3d 402 (Tex. 2011) (per curiam); *City of Arlington v. Randall*, 301 S.W.3d 896, 902 n.2 (Tex. App.–Fort Worth 2009, pet. denied); *Leonard v. Glenn*, 293 S.W.3d 669, 681 n.11 (Tex. App.–San Antonio 2009), *rev'd on other grounds*, 332 S.W.3d 403 (Tex. 2011) (per curiam); ; *Lamphier v. Avis*, 244 S.W.3d 596, 598-599 (Tex. App.–Texarkana 2008, pet. dism'd as moot), *disapproved on other grounds, Franka v. Velasquez,* 332 S.W.3d 367, 382 n. 67 (Tex. 2011); *Kanlic v. Meyer*, 230 S.W.3d 889, 892 (Tex. App.–El Paso 2007, pet. denied) (also disapproved on other grounds in *Franka)*; *Walkup v. Borchardt*, No. 07-06-0040-CV, 2006 WL 3455254, at *1 n.1 (Tex. App.–Amarillo Nov. 30, 2006, no pet.) (mem. op.) (disapproved on other grounds in *Franka*); *Phillips v. Dafonte*, 187 S.W.3d 669, 673-675 (Tex. App.–Houston [14th Dist.] 2006, no pet.) (disapproved on other grounds in *Franka*); *cf. Brown v. Xie*, 260 S.W.3d 118, 120-121 (Tex. App.–Houston [1st Dist.] 2008, no pet.) (appeal from denial of motion to dismiss) . In some instances, one procedural vehicle may be more appropriate or may be necessary for a proper presentation of the issue. For example, if Graham disputed that the Doctors were employed by the Hospital, a summary resolution, if possible, might require a motion for summary judgment. But Graham does not dispute that the Doctors were Hospital employees, that they were acting in course of their employment with the Hospital, or raise any other factual issue regarding the application of section 101.106(e). The point of section 51.014(a)(5), like section 51.014(8), is to allow an interlocutory appeal from rulings on certain issues, not merely rulings in certain forms. Therefore, we hold that an appeal may be taken from orders denying an assertion of immunity, as provided in section 51.014(a)(5), regardless of the procedural vehicle used. We need not consider whether the Doctors' appeal is permitted by section 51.014(a)(8).

Graham argues that his nonsuit of the Hospital precluded a ruling on its motion to dismiss. The Doctors, however, had their own motions for dismissal asking for affirmative relief. Section 101.106 (e) provides that "[i]f a suit is filed under [the Tort Claims Act] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." The Doctors were therefore entitled to "immediate" dismissal once the Hospital filed its motion. A nonsuit cannot "prejudice the right of an adverse party to be heard on a pending claim for affirmative relief." TEX. R. CIV. P. 162. Graham's remaining arguments, that his suit was not filed under the Tort Claims Act for purposes of section 101.106, fail under our decision in *Franka v. Velasquez*, 333 S.W.3d 367 (Tex. 2011).

Accordingly, we grant the petition for review, and without oral argument, TEX. R. APP. P. 59.1, reverse the judgment of the court of appeals and remand the case to that court for further proceedings.

Opinion delivered:  August 26, 2011