Francine MANDEL, Plaintiff-Appellant,

v.

MAX–FRANCE, INC., Shirley Cohen and Saul Cohen, Defendants-Appellees.

No. 81–6103

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 9, 1983.

Jerry B. Schreiber, Miami, Fla., Lyman & Ash, Richard Ash, Philadelphia, Pa., for plaintiff-appellant.

Bailey & Dawes, P.A., Guy B. Bailey, Jr., Miami, Fla., for defendants-appellees.

Before RONEY, VANCE and ANDERSON, Circuit Judges.

RONEY, Circuit Judge:

Because the Supreme Court had granted certiorari on our decision in *Huddleston v. Herman & MacLean,* 640 F.2d 534 (5th Cir. 1981), which the trial court followed in instructing the jury in this § 10(b) securities case, we held this appeal in abeyance pending the Supreme Court's disposition of the controlling issue. The Court's reversal of *Huddleston* now requires reversal in this case.

Plaintiff claimed violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78j(b), and Rule 10b–5 thereunder, 17 C.F.R. § 240.10b–5 (1982). Correctly following our *Huddleston* decision, the trial court instructed the jury that the plaintiff had the burden of proving every essential element of her claim by clear and

convincing evidence. The jury returned a verdict for the defendants. The plaintiff appealed on the ground that the instruction on burden of proof was wrong.

In reversing *Huddleston,* the Supreme Court held that persons seeking relief under § 10(b) need to prove their cause of action by a mere preponderance of the evidence. *Herman & MacLean v. Huddleston,* —— U.S. ——, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983), *rev'g in part* 640 F.2d 534, 545–46 (5th Cir.1981), *modified,* 650 F.2d 815 (5th Cir.1981).

The instruction that plaintiff had to prove her claim by clear and convincing evidence therefore was in error. The judgment must be reversed unless it can be affirmatively established that there was no prejudice on viewing the entire record. *McCandless v. United States,* 298 U.S. 342, 347–48, 56 S.Ct. 764, 766, 80 L.Ed. 1205 (1936); *Fillippon v. Albion Vein Slate Co.,* 250 U.S. 76, 82, 39 S.Ct. 435, 436, 63 L.Ed. 853 (1919); *Ratay v. Lincoln National Life Insurance Co.,* 378 F.2d 209, 212 (3rd Cir.), *cert. denied,* 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967); *Farris v. Interstate Circuit, Inc.,* 116 F.2d 409, 412 (5th Cir.1941).

The defendants contend that Mandel is not entitled to a new trial because she cannot demonstrate the erroneous jury instruction was prejudicial due to her failure to provide this Court with a complete transcript of the trial testimony. As a general rule, the appellant is responsible for presenting a record that is sufficient to allow this Court to decide the issues presented by the appeal. Fed.R.App.P. 10(b). *See Murphy v. St. Paul Fire & Marine Insurance Co.,* 314 F.2d 30 (5th Cir.), *cert. denied,* 375 U.S. 906, 84 S.Ct. 197, 11 L.Ed.2d 146 (1963). If the entire transcript is not to be included, the appellant must file and serve on the appellee a statement of the issues he intends to present on appeal and a designation of those parts of the transcript he has ordered.

If the appellee deems the partial transcript inadequate to determine the issues, he is required to designate to the

appellant the additional parts he considers necessary so the appellant can order them for inclusion in the record. Fed.R.App.P. 10(b)(3). The appellee thus bears some responsibility for insuring the adequacy of the record on appeal, particularly those matters which, in the appellee's view, show an error to be harmless. *Union Pacific R.R. v. Bridal Veil Lumber Co.,* 219 F.2d 825, 833 (9th Cir.1955), *cert. denied,* 350 U.S. 981, 76 S.Ct. 466, 100 L.Ed. 849 (1956); 9 J. Moore, B. Ward, J. Lucas, Moore's Federal Practice ¶ 210.–05[3] & n. 8 (2d ed. 1982). In this case, the plaintiff-appellant ordered those parts of the transcript relevant to the issue of the jury instructions and notified the defendants accordingly. If the defendants' view was that other parts of the transcript would demonstrate the error was harmless because the evidence showed it was entitled to judgment notwithstanding the verdict, then it was incumbent on appellees to see that those parts were included in the record on appeal.

Because the trial court denied defendants' motion for a directed verdict both at the conclusion of the plaintiff's case and at the close of all the evidence, it obviously determined the plaintiff made out a sufficient case to go to the jury. Without the record, we cannot say that the decision was wrong. The jury having decided the case under the wrong burden of proof, the presumption of prejudice carries the case to reversal in the absence of the appellees' being able to demonstrate that there was in fact no prejudice. A new trial is required.

REVERSED AND REMANDED FOR A NEW TRIAL.