ACCEPTED
06-17-00091-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/1/2017 12:49 AM
DEBBIE AUTREY
CLERK

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/4/2017 8:52:00 AM
DEBBIE AUTREY
Clerk

_____

No. 06-17-00091-CV

_____

KENNETH CRAIG MILLER, Appellant

v.

GREGG COUNTY, TEXAS, Appellee

On Appeal from the County Court at Law No. 2 of Gregg County, Texas
Trial Court Cause No. 2017-703-CCL2

Before the Honorable Joe D. Clayton (Senior State District Judge),
Judge Presiding

### BRIEF OF APPELLANT KENNETH CRAIG MILLER

Respectfully submitted,

ANDREW R. KORN
State Bar of Texas Identification No. 11683150

THE KORN DIAZ FIRM
4221 Avondale Avenue
Dallas, Texas 75219
(214) 521-8800 (Telephone)
(214) 521-8821 (Fax)
akorn@kbdtexas.com (email)

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a), the following is a complete list of all parties to the trial court's order appealed from and the names and addresses of all trial and appellate counsel:

| PARTIES | COUNSEL |
|---|---|
| | *Trial & Appellate Counsel* |
| **KENNETH CRAIG MILLER** *Plaintiff/Appellant* | **ANDREW R. KORN** THE KORN DIAZ FIRM 4221 Avondale Avenue Dallas, Texas 75219 (214) 521-8800 (Telephone) (214) 521-8821 (Fax) akorn@kbdtexas.com (email) |
| | *Trial & Appellate Counsel* |
| **GREGG COUNTY, TEXAS** *Defendant/Appellee* | **ROBERT S. DAVIS, ESQ.** FLOWERS, DAVIS, P.L.L.C. 1021 ESE Loop 323, Suite 200 Tyler, Texas 75701 (903) 534-8063 (Telephone) (903) 534-1650 (Fax) rsd@flowersdavis.com (email) |

# TABLE OF CONTENTS

                                                   **PAGE**

**Identity of Parties and Counsel** ...................................................... ii

**Table of Contents** ...................................................................... iii

**Index of Authorities** ............................................................. v-viii

**Statement of the Case** ............................................................... ix

**Statement Regarding Oral Argument** .................................... ix-x

**Issues Presented** ..................................................................... x-xi

**Statement of Facts** ................................................................. 1-8

       **Miller's long, hard journey to learning what governing bodies and their officers are doing** .......................................................... 1

       **Miller wants to know about the affairs of certain governing bodies & acts of public officials and employees** ............ 2-3

       **Miller's first public information request to Gregg County** .............. 3

       **Miller's second public information request to Gregg County** .......... 4

       **Gregg County making Miller's requests for public information a longer, harder journey** .................................................. 4

       **Gregg County refuses to disclose the public information to Miller** ............................................................................... 4-6

       **Miller's TPIA statutory mandamus suit against Gregg County** ................................................................................ 6-8

**Summary of the Argument** ................................................................ 8-11

       **Miller did not have to avoid Gregg County's allegations. Gregg County had to avoid Miller's** ................................................................ 8-9

       **Miller won the plea to the jurisdiction on the pleadings** .............. 9-10

       **Miller won the plea to the jurisdiction on the evidence** .............. 10-11

       **Even if Miller lost at the plea to the jurisdiction, he can't lose "with prejudice."** ................................................................ 11

**Standard of Review (De Novo)** ................................................................ 11

**Argument** ................................................................ 12-23

       <u>Point of Error 1:</u> **1. Whether the trial court erred by resolving disputed jurisdictional facts and deciding the merits of Miller's request for mandamus relief on a plea to the jurisdiction?** ................................ 12-21

       <u>Point of Error 2:</u> **Whether the trial court erred by denying "with prejudice" Miller's request for mandamus relief?** ............................ 21-23

       <u>Point of Error 3:</u> **Whether the trial court erred by dismissing Miller's claims for "injunctive and declaratory relief" and "damages" with prejudice?.** ................................................................ 23

**Prayer** ................................................................ 23-24

**Certificate of Compliance** ................................................................ 25

**Certificate of Service** ................................................................ 25

**Appendix** ................................................................ 26

**CASES**                                                                                          **PAGE**

*Am. Express Centurion Bank v. Haryanto*, 491 S.W.3d 337, 348
    (Tex. App.—Beaumont 2016, no pet.) ............................................... 12, 24

*Bland ISD v. Blue,* 34 S.W.3d 547, 554
    (Tex. 2000) ............................................................................... 12, 21

*Boles Trucking v. United States*, 77 F.3d 236, 241
    (8th Cir. 1996) ........................................................................ 15

*Cf. Green v. Bannasch*, 2015 U.S. Dist. LEXIS 70404, at *7, n.3
    (M.D. Fla. June 1, 2015) ........................................................... 23

*Cf. In re Yarn Processing Patent Validity Litigation,* 498 F.2d 271, 287
    (M.D. Fla. June 1, 2015) ........................................................... 19

*Cf. Mandel v. Max-France, Inc.*, 704 F.2d 1205, 1206
    (11th Cir. 1983) ....................................................................... 15

*Cf. Washington v. City of Georgetown*, 2009 U.S. Dist. LEXIS 16394, at *13
    (E.D. Ky. Mar. 3, 2009) ........................................................... 10

*City of El Paso v. Collins*, 483 S.W.3d 742, 757
    (Tex. App.—El Paso 2016, no pet.) ........................................... 10

*City of Houston v. McGowan*; *City of Celina v. Blair*, 171 S.W.3d 608
    (Tex. App.—Beaumont 2016, no pet.) ........................................ 9

*City of New Braunfels v. Allen*, 132 S.W.3d 157, 165
    (Tex. App.—Austin 2004, no pet.) ............................................. 19

*City of Plano v. Carruth*, 2017 Tex. App. LEXIS 1603, at *7
    (Tex. App.—Dallas Feb. 23, 2017, pet. filed) ............................. 22

---

[1] Opinions not designated for publication have no precedential value, but may be cited with the notation "(not designated for publication)." *See* TEX. R. APP. P. 47.7. Therefore, unless otherwise indicated, any citation bearing "Tex. App. LEXIS" is not designated for publication.

*City of Weslaco v. Borne*, 210 S.W.3d 782, 787
      (Tex. App.—Corpus Christi-Edinburg 2006, pet. denied) .......................... 23

*County v. Heckman*, 368 S.W.3d 1, 5
      (Tex. App.—Austin 2010)................................................................. 21

*Decker v. Dunbar*, 200 S.W.3d 807, 812
      (Tex. App.—Texarkana 2006, pet. denied) ..................................... 13, 22, 24

*Golaz v. Golaz,* 77 S.W.2d 879, 881
      (Tex. Civ. App.— Ft. Worth 1934, no writ)................................................ 15

*Golceff v. State*, 2016 Tex. App. LEXIS 13565, at *18
      (Tex. App.—Austin December 22, 2016, p.d.r. ref'd) ............................... 17

*Gordy v. State*, 2015 Tex. App. LEXIS 1934, at *6
      (Tex. App.—Tyler Feb. 27, 2015, no pet.)................................................. 23

*In re M.R.J.M.*, 280 S.W.3d 494, 499
      ((Tex. App.—Fort Worth 2009, no pet.) .................................................. 23

*In re Newsome*, 2013 Tex. App. LEXIS 7223, at *1, n.1
      (Tex. App.—Beaumont 2016, no pet.) ....................................................... 1

*Isa v. PUC of Tex.,* 528 S.W.3d 609
      (Tex. App.—Texarkana 2017, pet. denied) (Mosely, J.)............................ 11

*Kallinen v. City of Hous.*, 462 S.W.3d 25, 27
      (Tex., 2015) ...................................................................................... 8

*Kilgore Indep. Sch. Dist. v. Axberg*, 2017 Tex. App. LEXIS 9527, at *7-8
      (Tex. App.—Texarkana, Oct. 12, 2017, n.p.h.) (Morriss, C.J.) .................. 11

*McLane Co., Inc. v. Texas Alcoholic Beverage Comm'n*, 2017 WL 474067
      (Tex. App.—Austin Feb. 1, 2017)............................................................. 7

*Perry v. Del Rio*, 53 S.W.3d 818
      (Tex. App.—Austin Feb. 1, 2017)........................................................... 23

*Rodriguez v. Casey*, 50 P.3d 323, 329
    (Wyo. 2002) ................................................................................. 21

*Shugart v. Thompson*, 2017 Tex. App. LEXIS 215 at *3
    (Tex. App.—Austin Feb. 1, 2017) .............................................. 11

*Simmons v. Kuzmich*, 166 S.W.3d 342, 347-348
    (Tex. App.—Austin Feb. 1, 2017) .............................................. 16

*Stewart v. City of Corsicana*, 211 S.W.3d 844, 850
    (Tex. App.—Waco, 2006) ........................................................... 19

*Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 228
    (Tex. 2004) ............................................................................. 10, 12

*Thomas v. Cornyn*, 71 S.W.3d 473, 488
    (Tex. App.—Austin 2002, no pet.) ............................................... 8

*U.S. v. Olaya*, 2017 U.S. Dist. LEXIS 72520, at *7
    (E.D. Mich. 2017) ....................................................................... 17

*United States v. Allen,* 2011 U.S. App. LEXIS 4253 at *8
    (11th Cir. 2011)........................................................................... 15

*United States v. Iverson*, 818 F.3d 1015, 1019, n.1
    (10th Cir. 2016)........................................................................... 14

*United States v. James*, 528 F.2d 999, 1017
    (5th Cir. 1976).............................................................................. 16

*Univ. of Tex. Health Sci. Ctr. at Tyler v. Nawab*, 528 S.W.3d 631
    (Tex. App.—Texarkana 2017, pet. denied) (Burgess, J.)............. 11

*Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822
    (Tex. 2000) .................................................................................. 23

## STATUTES AND RULES

TEX. GOV'T CODE § 552.302.................................................................... 4

TEX. R. APP. P. 43.4............................................................................... 24

TEX. R. APP. P. 9.5(b)(1) ...................................................................... 26

TEX. R. APP. P.  9.4(i)(l ) .................................................................... 25

## OTHER AUTHORITY

David Sherwyn & Michael Heise, *The Gross Beast of Burden of Proof: Experimental Evidence on How the Burden of Proof Influences Employment Discrimination Case Outcomes*, 42 Ariz. St. L.J. 901, 944 (2010)....................... 12

Tex. Att'y Gen. ORL–19216, p. 3 (2012)............................................... 17

Tex. Att'y Gen. ORD–1872, p.1 (2001).................................................. 17

Tex. Att'y Gen. ORD–6276, p. 1-2 (2003)............................................... 4

Tex. Att'y Gen. ORD–663, p. 5 (1999).................................................. 17

| | |
|---|---|
| *Nature of the Case* | Texas Public Information Act ("TPIA"). TEX. GOV'T CODE § 552.321(a) statutorily permitted suit for a writ of mandamus compelling a governmental body to make information available for public inspection. C.R. 4–40.[2] |
| *Trial Court* | Hon. Joe D. Clayton (Senior State District Judge), sitting by assignment for the Hon. Vincent L. Dulweber, County Court at Law No. 2 of Gregg County, Texas. C.R. 44, 92; R.R. 1. |
| *Trial Court Disposition* | Request for mandamus relief "denied with prejudice," after an evidentiary hearing on Gregg County's *Plea to the Jurisdiction. See Order and Final Judgment.* C.R. 305. |
| *Parties in Court of Appeals* | Kenneth Craig Miller, Plaintiff/Appellant Gregg County, Texas, Defendant/Appellee |

## STATEMENT REGARDING ORAL ARGUMENT

The Record is manageable and the primary issue – Whether the trial court erred by resolving disputed facts on a plea to the jurisdiction – is easily resolved based on the Record and existing law. Therefore, oral argument is unnecessary. Additionally, saving time and additional fees (by deciding this Case without argument) is consistent with both the rules of procedure[3] and TPIA's purpose –

---

[2] The citation "C.R." refers to the CLERK'S RECORD filed in the Court of Appeals on September 14, 2017. The citation "Suppl. C.R. 1" refers to the SUPPLEMENTAL CLERK'S RECORD filed in the Court of Appeals on September 28, 2017. The citation "Suppl. C.R. 2" refers to the SUPPLEMENTAL CLERK'S RECORD filed in the Court of Appeals on October 20, 2017. The citation "RR" refers to the REPORTER'S RECORD filed in the Court of Appeals on October 16, 2017.

[3] *See generally Higgins v. Randall Cty. Sheriff's Office*, 257 S.W.3d 684, 688 (Tex. 2008) (Discussing how the Texas Rules of Civil and Appellate Procedure provide for the adjudication of litigants' rights with great expedition and dispatch, and least expense as may be possible).

that access to public records be freely and promptly available to any person on request.[4]

## ISSUES PRESENTED

**1.  Whether the trial court erred by resolving disputed jurisdictional facts and deciding the merits of Miller's request for mandamus relief on a plea to the jurisdiction?**

Short Answer: Yes. The trial court may not resolve disputed jurisdictional facts in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). In this Case, the trial court disregarded the proper function of a plea to the jurisdiction when it made Miller put on his case on the merits, weighed the evidence, and made ultimate factual determinations on the merits. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("[T]he proper function of a [plea to the jurisdiction] does not authorize an inquiry so far into the substance of the claims presented that the plaintiffs are required to put on their case simply to establish jurisdiction.").

Issue 2-3 are conditioned on the Court affirming the *Order and Final Judgment* on issue 1:

**2.  Whether the trial court erred by denying "with prejudice" Miller's request for mandamus relief?**

Short Answer: Yes. A plea to the jurisdiction can't decide the merits of any claim. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (Emphasis added) ("A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action **without regard to whether the claims asserted have merit**."); *Williamson County v. Heckman*, 368 S.W.3d 1, 5 (Tex. App.—Austin 2010) ("A plea to the jurisdiction challenges a trial court's authority to decide the merits of a cause of action.").  The only ruling that could have been made in Gregg County's favor on its plea to the jurisdiction was a dismissal for lack of jurisdiction – the opposite of

---

[4] *See* TEX. GOV'T CODE § 552.221(a); Tex. Att'y Gen. ORD–515, p. 6 (1988) ("In placing a time limit on the production of public information, the legislature recognized the value of timely production of public information."); *cf. Milwaukee Journal Sentinel v. City of Milwaukee*, 815 N.W.2d 367, 370 (Wisc. 2012) ("In interpreting the Public Records Law, we must be cognizant that the legislature's preference is for 'complete public access' and that the imposition of costs, as a practical matter, inhibits access.").

a merits ruling. *Decker v. Dunbar*, 200 S.W.3d 807, 812 (Tex. App.—Texarkana 2006, pet. denied) ("A dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided."); *See also City of Plano v. Carruth*, 2017 Tex. App. LEXIS 1603, at *7 (Tex. App.—Dallas Feb. 23, 2017, pet. filed) (Citing published cases) ("Without subject matter jurisdiction, a court lacks authority to adjudicate a case on the merits and must dismiss the case for lack of jurisdiction… Any decision on the merits in such cases would be an advisory opinion.").

### 3. Whether the trial court erred by dismissing Miller's claims for "injunctive and declaratory relief" and "damages" with prejudice?

Short Answer: Yes. Since Miller was not seeking injunctive relief, declaratory relief, or damages, these rulings constituted improper advisory rulings. *See Perry v. Del Rio*, 53 S.W.3d 818 (Tex. App.—Austin 2001, pet. dism'd) ("Courts of this state may not issue advisory opinions."); *City of Weslaco v. Borne*, 210 S.W.3d 782, 787 (Tex. App.—Corpus Christi-Edinburg 2006, pet. denied) (Judicial advisory opinions are constitutionally prohibited); *cf. Green v. Bannasch*, 2015 U.S. Dist. LEXIS 70404, at *7, n.3 (M.D. Fla. June 1, 2015) (Assailing a defendant's motion to dismiss which requested dismissal of a claim that plaintiff did not even assert).

**Miller's long, hard journey to learning what
governing bodies and their officers are doing.**

Miller is a sixth-generation Texan and lifetime Citizen of the State of Texas. C.R. at 4; R.R. at 148.

Miller was the victim of civil rights violations by several governing bodies and individuals, including the City of East Mountain, and its former police Chief, Betty Davis.[3] Initially, Miller attempted to investigate these claims by himself. This investigation involved Miller's efforts to obtain public information relating to his situation. R.R. 156-158. Miller was eventually joined by other citizens and obtained counsel willing to assist him. Id. When East Mountain continued to refuse Miller and other citizens access to public information, statutory mandamus lawsuits were filed over East Mountain's refusal to produce the public information requested. C.R. 36-40. Eventually, Miller's public information requests lead to the

---

[3] Miller's civil rights claims are pending in Civil Action No. 2:17-cv-00496-JRG-RSP; *Kenneth Craig Miller v. 1) City of East Mountain, 2) Betty Davis, a/k/a Callie Blake a/k/a Betty Diane Davis, a/k/a Betty D. Davis, a/k/a Betty Wilcox Davis, a/k/a Betty Charlson Davis, a/k/a Betty Charlson, 3) Terry Wayne Davis, a/k/a Terry Davis, 4) Milton Neal Coulter, 5) Upshur County, and 6) Gregg County*; In the United States District Court for the Eastern District of Texas, Marshall Division. *See* R.R. at 13 (Gregg County referring to the Federal Case with "similar allegations") of which this Court can take judicial notice of. *See, e.g. In re Newsome*, 2013 Tex. App. LEXIS 7223, at *1, n.1 (Tex. App.—Hous. [14th] June 13, 2013, orig. proceeding) ("We take judicial notice that PACER, Public Access to Court Electronic Records, reflects that relator has filed suit against Sutter in the United States District Court for the Southern District of Texas under cause number 01-CV-04556.")

resignation of the entire police force at East Mountain, and its Mayor, Neal Coulter. *Id.* The Longview News-Journal championed Miller's efforts. C.R. 40.[4]

### Miller wants to know about the affairs of certain governing bodies & acts of public officials and employees

Miller's complaints to the Gregg County Sheriff about East Mountain Police Chief Davis East Mountain Mayor Neal Coulter would never result in criminal charges. *See, e.g.* R.R. D-1. Eventually, Miller would learn of Chief Davis' ongoing, intimate affair with Lt. Eddie Hope, Commander in charge of the Gregg County Sheriff Offices' Criminal Investigation Division (the "CID"). The CID seemed to take control of any complaint Miller made about *See, e.g.* R.R. 206 (portion of D-1, *Gregg County Sheriff's Office Incident/Offense Report* showing "all information gathered" by the investigating Sheriff's deputy being "passed on to the Gregg County Criminal Investigations Division"). Cell phone records from other Deputies in the CID chain of command might tend to prove (or disprove) the extent, nature and frequency of former Chief Davis' relationships with Gregg County Sheriff's deputies, and how former Chief Davis used these relationships to insulate herself and Mayor Coulter from criminal prosecution. R.R. 160-161. Sgt.

---

[4] April 11, 2017 (Editorial: Mess in East Mountain reminds us of importance of open government):

https://www.news-journal.com/news/2017/apr/11/editorial-mess-in-east-mountain-reminds-us-of-impo/

Antonio "Tony" Monsivais is one of the Gregg County Deputies in the CID, believed to have provided special treatment to former Chief Davis and Mayor Coulter. R.R. at 213-214 (portion of D-1, *Gregg County Sheriff's Office Incident/Offense Report* showing "Sergeant Tony Monsivais was dispatched" in reference to a criminal complaint by Miller about Coulter). Therefore, Miller sought to review the cell phone records of Sgt. Monsivais to determine the nature, extent, and frequency of his communications with former Chief Davis and former Mayor Coulter. R.R. 160-161 and D-4.

### Miller's first public information request to Gregg County.

In January 2015, Plaintiff hand-delivered a written request to the Gregg County Sheriff's Office for Tony Monsivais' cell phone records (from the period January 1, 2013 through the date Gregg County complied with the request). C.R. 109; R.R. 148-152, 160-161; P-5.

On January 28, 2015, Plaintiff followed up on his previous written request for Tony Monsivias' cell phone records. *Id.*

On February 3, 2015, Plaintiff delivered a written follow up inquiry about his previous written request for Tony Monsivias' cell phone records. *Id.*

**Miller's second public information request to Gregg County.**

On March 3, 2015, Plaintiff delivered a "formal" typed request to the Gregg

County Sheriff's Office for six categories of public information, including the

following:

> The phone call logs for Tony Monsivais badge number 190 for the above dates[5] if any portion of his cell phone is paid by public funds.

R.R. 148-152, 160-161; R.R. D-4.

**Gregg County making Miller's requests for public
information a longer, harder journey.**

**Gregg County refuses to disclose the public information to Miller.**

Gregg County did not seek a clarification of any of Plaintiff's written

requests for Tony Monsovias' cell phone records.[6] Gregg County did not seek an

attorney general ruling to withhold any of the information responsive to Plaintiff's

---

[5] May 3-5, 2014; September 8, 2013; and April 17, 2013.

[6] Therefore, Gregg County was required to produce all possible information responsive to the request. Tex. Att'y Gen. ORD–6276, p. 1-2 (2003):

> If a requestor makes a vague or broad request, the governmental body should make a good faith effort to advise the requestor of the type of documents available that may be responsive to the request so that the requestor may narrow or clarify the request…However, if the requestor chooses not to narrow a broad request, the governmental body must release all responsive information to the requestor, unless an exception to disclosure applies to the requested information. In that instance, the governmental body must request a ruling from our office regarding the requested information under section 552.301 of the Government Code for any information it seeks to withhold from disclosure.

public information requests.[7]

Although Gregg County accepted delivery of Plaintiff's original written public information request, Gregg County refused to give Plaintiff any receipt, or to make a copy for Plaintiff.[8] R.R. 148-152, 160-161, 170. Thereafter, Gregg County did not respond to Plaintiff's initial written request for Tony Monsivias' cell phone records. *Id.*

Gregg County did not respond to Plaintiff's January 28, 2015 follow up telephone call to Chief Deputy Willeford. *Id.*; R.R. P-5. Gregg County did not respond to Plaintiff's February 3, 2015 written follow up inquiry about releasing Deputy Tony Monsivias' cell phone records.[9] *Id.*

Gregg County refused to file-stamp, initial, copy or otherwise confirm receipt of Plaintiff's March 3, 2015, request for public information.[10] Instead, on

---

[7] Because Gregg County failed to request an attorney general decision regarding whether it could withhold the requested information from public disclosure, the information "is presumed to be subject to required public disclosure" and must be released to Plaintiff. *See* TEX. GOV'T CODE § 552.302. (R.R. 163-164.

[8] There is no strict form for how to make or deliver a public information request. However, the Texas Attorney General recommends obtaining a delivery receipt from the governmental entity. *See* https://www.texasattorneygeneral.gov/og/how-to-request-public-information

[9] Although, a Gregg County Sheriff's deputy did copy and sign this document. *See* f.n. 10 *infra*.

[10] Originally, the Gregg County Sheriff's Office refused to accept delivery of Plaintiff's March 3, 2015 public information request. After Plaintiff objected to Gregg County's refusal to accept his public information request, a Deputy took the public information request to a back office. When the Deputy returned, Plaintiff began recording the event. The Video of the Gregg County Deputy Sheriff refusing to initial, stamp, or copy Plaintiff's public information request can be viewed at: https://youtu.be/V0u4u191Li4. (authenticated and played at R.R. 143-148).

March 17, 2015, Gregg County only responded to Plaintiff's March 3, 2015 public information request for Tony Monsivias' cell phone records by handwriting on a copy of Plaintiff's request:

*No records maintained by Gregg County.*

R.R. D-4; D-5.

## Miller's TPIA statutory mandamus suit against Gregg County.

On April 13, 2017, Miller filed *Plaintiff's Original Petition & Request for Disclosure*. C.R. 4-40. Miller sought the issuance of a writ of mandamus compelling Gregg County to provide all the public information that Miller requested in his two public information requests. C.R. 16.

On April 19, 2017, the Presiding Judge recused himself sua sponte, giving no reason for the Order of Recusal. C.R. 44.

On July 7, 2017, Greg County filed its Plea to the Jurisdiction. C.R. 59-89.

On July 24, 2017, the assigned Visiting Judge held a hearing on the Plea to the Jurisdiction. C.R. 92; R.R. 1-240.[11]

On August 7, 2017, Greg County attempted - without leave - to present more testimony and exhibits after the hearing was over and the evidence closed. C.R.

---

[11] Gregg County brought at least 12 deputies to the hearing, even though it called none of them as witnesses. R.R. 3-7.

170-296 (and more particularly, the *Supplemental Affidavit of Laurie Woloszyn*. C.R. 222-296). Gregg County contended that this new evidence:

> definitively establish[ed] that Gregg County did not possess the records requested in either the written request admitted as an exhibit at the hearing or the written request that the Plaintiff claims he presented earlier asking for all of the phone records from January 2013 through January 2015.

C.R. 302. Greg County impliedly admitted that it failed to carry its burden at the hearing on the plea to the jurisdiction when – in response to Plaintiff's objection to this untimely evidence – Gregg County contended that **with** the untimely evidence "Gregg County has shown that there was no refusal to produce those records; and therefore, no jurisdiction exists."[12]

On August 24, 2017, the assigned Visiting Judge signed the *Order and Final Judgment*. C.R. 305. This order granted Gregg County's plea to the jurisdiction. However, this Order denied Miller's request for mandamus relief "with prejudice to refiling" because "Gregg County has provided all the responsive documents that existed or have shown that no such documents exist." *Id.* This order also denied claims that Miller did not make (i.e. injunctive and declaratory relief and damages). *Id.*

On September 27, 2017, – four days after plenary power expired – the assigned Visiting Judge sua sponte recused himself with no reason given in the

---

[12] Unfortunately for Gregg County, on September 19, 2017, the assigned Visiting Judge sustained Miller's objections to Gregg County's untimely evidence. Suppl. C.R. 1 at 12-13.

Order. Suppl. C.R. 2 at 11. The transmittal letter to the Administrative Judge provides only the cryptic explanation "I have had a conflict develop as of today." *Id.* at 10.

<u>SUMMARY OF THE ARGUMENT</u>

**<u>Miller did not have to avoid Gregg County's allegations. Gregg County had to avoid Miller's.</u>** Miller did not have to avoid governmental "immunity" at the plea to the jurisdiction. TPIA is a legislative waiver of immunity. TPIA provides that a requestor may sue a governing body to compel disclosure of public information. *See Kallinen v. City of Hous.*, 462 S.W.3d 25, 27 (Tex., 2015); *McLane Co., Inc. v. Texas Alcoholic Beverage Comm'n*, 2017 WL 474067 (Tex. App.—Austin Feb. 1, 2017) ("[T]he legislature created an explicit waiver of sovereign immunity in the [T]PIA…" (Citing Tex. Gov't Code §552.321)). Under TPIA, it is Gregg County who had to avoid Miller. *See Simmons v. Kuzmich*, 166 S.W.3d 342, 347-348 (Tex. App.—Fort Worth 2005, no pet.) (All the requestor has to show is noncompliance with TPIA to be entitled to the statutory mandamus relief called for by the TPIA). Greg County had the burden to prove that it was excused from producing the information Miller requested. *See Thomas v. Cornyn*, 71 S.W.3d 473, 488 (Tex. App.—Austin 2002, no pet.) ("[S]ection 552.321 mandamus is a statutory mandamus to which the elements of a common law

mandamus do not apply… the Act's placement of the burden of proof [is] on a governmental body"). Greg County failed to conclusively establish that it's obligation to produce the requested information was excused.

**Miller won the plea to the jurisdiction on the pleadings.** Miller did not have to offer any evidence at the hearing on Gregg County's plea to the jurisdiction, because the plea did not conclusively negate the allegations in Miller's Petition. *City of Houston v. McGowan*; *City of Celina v. Blair*, 171 S.W.3d 608 (Tex. App.—Dallas 2005, no pet.) (Emphasis added):

> the City offered evidence in support of its plea: affidavits of employees, who testified broadly that the City did not own, occupy, maintain, or control the road in question. However, Blair's pleadings included the investigating police officer's report of the accident. That document reported the investigation was performed by a City police officer and that the officer issued a citation as a result of the investigation. **These specific allegations suffice to raise a fact issue as to the control of the roadway by the City. The City's evidence did not address, let alone negate, the specific matters raised by the report.** Thus, despite the City's affidavits' broad assertions of no control, a fact issue concerning control remains unaddressed. We conclude the City did not conclusively establish its no-duty theory so as to require Blair to come forward with evidence raising a fact issue on her claim.

Greg County's plea to the jurisdiction only addresses one of Miller's two public information requests. C.R. 59-62 (Confining the plea to what Greg County mischaracterizes as Miller's "only written request"); R.R. 39, 46-47 (Gregg County still proceeding as if there was only one public information request). Because Gregg County's plea to the jurisdiction did not negate the first public information

request identified in Miller's Petition, Miller did not have to do anything. The Affidavits accompanying the Gregg County's plea to the jurisdiction were never offered, much less admitted into evidence. R.R. 14, 23-26, 30, 33, 41-42 & 47. The burden never shifted to Miller to come forward with any evidence to support the allegation. *City of El Paso v. Collins*, 483 S.W.3d 742, 757 (Tex. App.—El Paso 2016, no pet.):

> In the present case, however, the City never came forward with any evidence to dispute the Collins' factual allegation that the City had actual knowledge of a dangerous condition existing at the pool on the day of Jade's accident. Consequently, the burden never shifted to the Collins to come forward with any evidence to support that allegation.

**Miller won the plea to the jurisdiction on the evidence.** Miller prevailed at the hearing on the plea to the jurisdiction because the exhibits and testimony from that hearing establish a factual dispute. Gregg County claimed it was entitled to dismissal because it had no documents responsive to Miller's written request for public information (ignoring Miller's first request because Miller did not have a copy of it). Gregg County was still trying to offer evidence even after the hearing - to provide a complete story on how it had no responsive information. Miller showed that Gregg County did have responsive information available. Because Miller's evidence created a fact question regarding the jurisdictional issue, the trial court could not grant the plea to the jurisdiction, and the fact issue had to be

resolved by the fact finder after trial on the merits.[13] The trial court failed to take all evidence favorable to Miller evidence as true. To the contrary, the trial court refused to credit Miller with the benefit of certain evidence. The trial court also failed to indulge every reasonable inference and resolve any doubts in the nonmovant's favor.

**Even if Miller lost at the plea to the jurisdiction, he can't lose "with prejudice."** The trial court erred by dismissing claims with prejudice. A ruling on a plea to the jurisdiction can not be dismissed with prejudice, because it is not a ruling on the merits. The trial court erred further by dismissing claims that Miller did not even make, because ruling on such claims is an improper advisory opinion.

## STANDARD OF REVIEW (DE NOVO)

The court is familiar with the de novo standard of review for an order granting a plea to the jurisdiction. *See Isa v. PUC of Tex.,* 528 S.W.3d 609 (Tex. App.—Texarkana 2017, pet. denied) (Mosely, J.); *Univ. of Tex. Health Sci. Ctr. at Tyler v. Nawab*, 528 S.W.3d 631 (Tex. App.—Texarkana 2017, pet. denied) (Burgess, J.); *Kilgore Indep. Sch. Dist. v. Axberg*, 2017 Tex. App. LEXIS 9527, at *7-8 (Tex. App.—Texarkana, Oct. 12, 2017, n.p.h.) (Morriss, C.J.); *Shugart v. Thompson*, 2017 Tex. App. LEXIS 215 at *3 (Tex. App.—Texarkana Jan. 12, 2017, no pet.) (Burgess, J.).

---

[13] *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

**Issue 1:  Whether the trial court erred by resolving disputed jurisdictional facts and deciding the merits of Miller's request for mandamus relief on a plea to the jurisdiction?**

The trial court may not resolve disputed jurisdictional facts in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). In this Case, the trial court disregarded the proper function of a plea to the jurisdiction when it made Miller put on his case on the merits, weighed the evidence, and made ultimate factual determinations on the merits. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) ("[T]he proper function of a [plea to the jurisdiction] does not authorize an inquiry so far into the substance of the claims presented that the plaintiffs are required to put on their case simply to establish jurisdiction.").

**Gregg County's arguments provide the map of the trail the trial court followed into error.** Greg County urged the trial court to apply erroneous burdens of proof from the beginning of the hearing. *See, e.g.* R.R. 13 (emphasis added):

> **Attorney for Gregg County:** So that is our plea to the jurisdiction, Your Honor. And we would submit that to the Court, and I -- you know, I have to tell the Court, in a situation like this, we are not arguing over the merits of refusing to provide documents. We are not arguing over the merits of the case. There simply are no documents, so this is a situation where under Texas case law the Judge rules as a matter of law **and the Judge determines any factual issues in the case.**

R.R. 94:

> **Attorney for Gregg County:** Your Honor, that is absolutely inaccurate. We do not have the burden of proof. They cannot sit back and rely on their pleadings. They have to respond to our motion, a dispositive motion, and present evidence themselves if they're going to.

Gregg County even argued to flip the burden as far as one could, contending that Miller – at the hearing on the plea to the jurisdiction – had to conclusively establish that Gregg County has possession of the documents Miller requested. R.R. 76-77:

> **Attorney for Gregg County**: Your Honor, that's just totally inaccurate. This just deals purely with the jurisdictional issues. Does the County have these records that they asked for, and the County does not. And that's -- I mean, that's the extent of the question. It is purely a jurisdictional issue; what they have to show in this case. And it is their burden to prove, not ours.

Gregg County also made unsupported, incorrect arguments about the evidence, which the trial court adopted. *Compare* R.R. 81:

> **Attorney for Gregg County:** Your Honor, actually, there has to be a request in writing. It's not good enough to say that you filed one. You've got to have a copy of the request. You've got to have a request in writing. And they don't -- they don't have it.

*With* R.R. 91:

> **THE COURT:** Well, I don't have a first [public information] request, so I can't rely on a first request if I don't have it before me. All I've got before me is this right here.

It is well settled that Miller was entitled to testify about the original public information he delivered to Gregg County and never saw again. *See In re Estate of Berger*, 174 S.W.3d 845, 847-848 (Tex. App.—Waco 2005, no pet.) ("Rule of Evidence 1004 allows the admission of 'other evidence of the contents of a

writing' if the original has been lost or destroyed."). Miller testified to the contents of that original public information request R.R. 149, 161. Viewed in a light most favorable to Miller, and disregarding all contrary inferences, Miller's testimony raised a genuine issue of material fact and precluded summary disposition against him. *Id. United States v. Iverson*, 818 F.3d 1015, 1019, n.1 (10th Cir. 2016) (Under the best-evidence rule, a witness can testify about the contents of the lost records). Incredibly, Gregg County also adduced testimony from Miller about the content of the document that is now lost – at least to Miller (*i.e.* Miller's original public information request). R.R. 160-161. Yet the trial court still disregarded Miller's first public information request. C.R. 305 (Stating that Miller's "request for mandamus relief is denied with prejudice to refiling, **as Gregg County has provided all the responsive documents that existed or have shown that no such documents exist**."). The trial court forced Miller into a situation where he had to put on evidence he was not obligated to – in an abundance of precaution. R.R. 95-98. Then the trial court disregarded that evidence, anyway. Miller's attorney could not bring the trial court back from where Gregg County had taken it– which was far, far away from the correct standard of review.

"The question of the burden of proof is important*." Golaz v. Golaz*, 77 S.W. 2d 879, 881 (Tex. Civ. App.— Ft. Worth 1934, no writ) (Placing the burden of proof on the wrong party is harmful error). Although skewing the burden of proof

in a civil case does not amount to attorney misconduct like it does in criminal cases, it is still a serious matter. Because if the court applies the wrong burden of proof, it is error per se. *Compare United States v. Allen*, 2011 U.S. App. LEXIS 4253 at *8 (11th Cir. 2011) ("In general, it is prosecutorial misconduct for a prosecutor to make comments that prejudicially shift the burden of proof to the defendant.") *with  Boles Trucking v. United States*, 77 F.3d 236, 241 (8th Cir. 1996) ("It has long been generally recognized that it is reversible error to place the burden of proof on the wrong party or to place an unwarranted burden of proof on one party."); *cf. Mandel v. Max-France, Inc*., 704 F.2d 1205, 1206 (11th Cir. 1983) ("The jury having decided the case under the wrong burden of proof, the presumption of prejudice carries the case to reversal in the absence of the appellees' being able to demonstrate that there was in fact no prejudice."); David Sherwyn & Michael Heise, *The Gross Beast of Burden of Proof: Experimental Evidence on How the Burden of Proof Influences Employment Discrimination Case Outcomes*, 42 Ariz. St. L.J. 901, 944 (2010) ("Flipping burdens of proof is not a small change.").

The issue on the merits of this case is: Whether Gregg County is refusing to supply the public information requested by Miller? *See Kallinen v. City of Houston*, 462 S.W.3d 25, 28 (Tex. 2015); *Simmons v. Kuzmich*, 166 S.W.3d 342,

347-348 (Tex. App.—Fort Worth 2005, no pet.). Gregg County improperly limited

its liability when it recast the issue by saying:

> Simply put, Gregg County has not refused to provide any documents. Gregg County does not have any responsive documents. As a result, the Plaintiff has no viable cause of action.

C.R. at 182.

Gregg County's argument suffers from at least four fatal defects.

First, the argument only goes to the Miller's second public information request. Miller's second public information request was for a much more limited time period - just a few days - that Miller "prioritized" as "extremely important" after Gregg County did not respond to his "complete request." R.R. 152, 161.

Second, Gregg County's failure to produce the requested information within a reasonable time is "tantamount to refusal." *See United States v. James*, 528 F.2d 999, 1017 (5th Cir. 1976).

Third, Gregg County uses an extremely narrow definition of "call records." Gregg County did not seek clarification of Miller's use of the term, which is considerably broader than Gregg County's definition. *See U.S. v. Olaya*, 2017 U.S. Dist. LEXIS 72520, at *7 (E.D. Mich. 2017) ("The FBI 'download[ed] a call log containing 500 calls, 535 contacts, 90 'MMS' messages, 3014 'SMS' messages, and12,492 data files (audio, video and images).'"); *Golceff v. State*, 2016 Tex.

App. LEXIS 13565, at *18 (Tex. App.—Austin December 22, 2016, p.d.r. ref'd) ("[A] phone was found in Golceff's possession that contained a call log that included Figueroa's phone number, A.K.'s phone number, photographs of A.K., and text messages referring specifically to A.K…"). Since Gregg County had the obligation to clarify Miller's public information requests, Gregg County may not now use a conveniently narrow definition to defeat disclosure. *See* Tex. Att'y Gen. ORD–663, p. 5 (1999) (Encouraging governing bodies to make good faith requests for clarification). Gregg County's response that it does not "maintain" Deputy Tony Monsivais' cell phone records is not a legal excuse for failing to release these records to Miller. *Cf*. Tex. Att'y Gen. ORL–19216, p. 3 (2012) "Not maintaining" public information is no defense to having to produce it. Gregg County must retrieve Sgt. Tony Monsivais cell phone information and release it to Miller. *See* Tex. Att'y Gen. ORD–1872, p.1 (2001) (Even when information is not in the Government's "custody, possession or control," when that information can be retrieved, the Government has access to the information and is therefore subject to public disclosure under the Act). Otherwise, Gregg County's current public information system (whether the result of buffoonery or guile) would nullify the purpose of TPIA.

Fourth, Miller pleaded and testified that he asked Gregg County for more than just five-day's worth of Sgt. Monsivais' call logs. C.R. 10; R.R. at p. 17-18,

30-31, 149, & 160. Miller's first public information request (delivered to the Gregg County Sheriff in January, 2015) requested all cell phone records for Gregg County Deputy Sheriff Tony Monsevais from January 1, 2013 until the time Gregg County complied with Miller's request. *Id.* Sgt. Monsivais testified that he would release his cell phone records for business calls if he "has to." R.R. 113-14. If ordered by the Gregg County Sheriff to produce his cell phone records, Sgt. Monsivais would have to, or face termination for insubordination. R.R. 120- 121; P-4 (Gregg County Code of Conduct Policy at 2.01; & 5.01 "Employees shall, at all times, follow the lawful orders of supervisory employees and other proper authorities."). However, Gregg County never tried to get the cell phone records from Monsivais. R.R. 125-126.

### Witness credibility must be determined by the fact finder at trial

Because Gregg County's interested witnesses have credibility problems (including poor memories, and inconsistent stories),[14] the court should have denied the plea to the jurisdiction. *See Stewart v. City of Corsicana*, 211 S.W.3d 844, 850

---

[14] Chief Willeford could not "remember" over 10 times. Sgt. Monsivais could not remember over five times, and was unable to testify to dates and times. *See, e.g.* R.R. at 105-108 ("I don't recall the dates. I don't keep dates, Judge. I'm not real good with them."). Sgt. Monsivais appears to have made a material misrepresentation on his Cell Phone Allowance Agreement. *Compare* R.R. at p.100-101 (Testifying that his job duties away from the office did not expose him or others to immediate harm or danger); *With* R.R. P-2 (*Gregg County Cell Phone Allowance Agreement* - where to qualify for the allowance - Sgt. Monsivais checks the box indicating that his job duties away from the office may expose him or others to immediate harm or danger).

(Tex. App.—Waco, 2006) (Trial court erred in hearing on plea to the jurisdiction by failing to accept as true all evidence favorable to Plaintiff and by judging the credibility of the witnesses); *cf. In re Yarn Processing Patent Validity Litigation*, 498 F.2d 271, 287 (5th. Cir. 1974) ("Questions of credibility should not normally be decided by means of summary judgment but should instead be left for the trier of fact."). Stated another way, the Court may not weigh the evidence. *See City of New Braunfels v. Allen*, 132 S.W.3d 157, 165. (Tex. App.—Austin 2004, no pet.):

> A plaintiff's failure to ultimately prevail may protect the City from liability, but it does not, as the City argues, deprive the trial court of subject-matter jurisdiction…The City's argument also runs afoul of the purpose of a plea to the jurisdiction. Although the supreme court allows trial courts to examine evidence in a plea to the jurisdiction in exceptionally limited circumstances… the City's argument would require a trial court to weigh evidence when deciding a plea to the jurisdiction. We cannot accept the City's argument…

### The Record from the hearing on Gregg County's Plea to the Jurisdiction is not conclusively in favor of Gregg County

Gregg County's evidence at the hearing on its plea to the jurisdiction helped prove Miller's claims. The County Auditor admitted that she did not search to determine whether any call logs existed. *See* R.R. at 69 ("A call log is different than a phone record. I'm just -- a call log. **No one asked me to look for call logs. They asked me to look for phone records.**"). The hearing yielded evidence that the cell phone records requested by Miller do exist, and that Gregg County has not released them to Miller. For example, Deputy Monsivais testified that from

January 1, 2013 to October 1, 2013, there was a Gregg County supplied cell phone in his patrol car that he used for business calls. R.R. at 105-111. Deputy Monsivais testified that since January 2016, he has received a cell phone allowance, and makes business calls from his County subsidized cell phone. Id. at p. 114-116; R.R. P-2. The Gregg County Auditor did not conclusively establish that there were no records for the cell phone in Deputy Monsivais patrol vehicle during the entire period of time covered by Millers two TPIA requests. R.R. 73.

Other evidence admitted during the hearing on Gregg County's plea to the jurisdiction includes Chief Deputy Willeford's March 30, 2017 e-mail where he remembered that Tony Monsivais was receiving a cell phone allowance from Gregg County in 2013. *See* R.R. P-3 (Emphasis added) ("I was unable to locate Tony Monsivais Cell Phone Allowance from 2013 when we began the program. **I do know that it was the $30 a month** allowance because he was in patrol at the time."). While Chief Willeford tried to explain that he meant something else in the e-mail, the fact finder must resolve those differences at trial on the merits.

Gregg County originally responded to Miller's second TPIA request: "No records maintained by Gregg County." Implied in this response is that responsive records exist, but that Gregg County was not the entity keeping them. *See Rodriguez v. Casey*, 50 P.3d 323, 329 (Wyo. 2002) (Reviewing definitions of "maintain," and concluding that both the common and the legal definition of

maintain is "to continue with something already in existence."). None of Gregg County's witnesses knew what the person who responded to Miller's request meant when that person used the phrase "No records maintained by Gregg County." R.R. 69-71. Although Gregg County now says the opposite (*i.e.* that call logs don't exist), Gregg County failed to conclusively establish that the call logs don't exist, and that issue remains a question for the trier of fact at trial.

**Issue 2:** **Whether the trial court erred by denying "with prejudice" Miller's request for mandamus relief**?

A plea to the jurisdiction can't decide the merits of any claim. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (Emphasis added) ("A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action **without regard to whether the claims asserted have merit**."); *Williamson County v. Heckman*, 368 S.W.3d 1, 5 (Tex. App.—Austin 2010) ("A plea to the jurisdiction challenges a trial court's authority to decide the merits of a cause of action."). The only ruling that could have been made in Gregg County's favor on its plea to the jurisdiction was a dismissal for lack of jurisdiction – the opposite of a merits ruling. *Decker v. Dunbar*, 200 S.W.3d 807, 812 (Tex. App.—Texarkana 2006, pet. denied) ("A dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided."); *See also City of Plano v. Carruth*, 2017 Tex. App. LEXIS 1603, at *7 (Tex. App.—Dallas Feb.

23, 2017, pet. filed) (Citing published cases) ("Without subject matter jurisdiction, a court lacks authority to adjudicate a case on the merits and must dismiss the case for lack of jurisdiction… Any decision on the merits in such cases would be an advisory opinion.").

Gregg County used the recital in Miller's TRCP 47(c)(1) Statement, to argue that Miller was seeking "declaratory relief, injunctive relief and money damages." C.R. 63; R.R. 8-19. But nothing in Miller's TRCP 47(c)(1) Statement (or any other part of his Petition) mentions declaratory or injunctive relief. C.R. at 4, 63. At the hearing, Miller's attorney pointed to Miller's prayer for relief (C.R. 16), and further clarified that Miller was not seeking damages, declaratory relief, or injunctive relief. R.R. 17-18 & 171-172. On cross-examination Miller confirmed that all the relief he was seeking was set out in the prayer. R.R. 173. Gregg County admitted the issue was mooted, but nevertheless requested a ruling. C.R. 175. The trial court's ruling dismissing claims that Miller was not making (C.R. 305) constituted an impermissible advisory opinion. *Valley Baptist Med. Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex. 2000) (ruling on moot controversy constitutes impermissible advisory opinion); *In re M.R.J.M.*, 280 S.W.3d 494, 499 (Tex. App.—Fort Worth 2009, no pet.) ("The mootness doctrine prevents courts from rendering advisory opinions . . . An issue may become moot when a party seeks a ruling on some matter that, when rendered, would not have any practical legal

effect on a then-existing controversy."); *See also Gordy v. State*, 2015 Tex. App. LEXIS 1934, at *6 (Tex. App.—Tyler Feb. 27, 2015, no pet.) ("Texas courts have no jurisdiction to issue advisory opinions.").

**Issue 3:** **Whether the trial court erred by dismissing Miller's claims for "injunctive and declaratory relief" and "damages" with prejudice?**

Since Miller was not seeking injunctive relief, declaratory relief, or damages, the rulings dismissing these claims constituted improper advisory rulings. *See Perry v. Del Rio*, 53 S.W.3d 818 (Tex. App.—Austin 2001, pet. dism'd) ("Courts of this state may not issue advisory opinions."); *City of Weslaco v. Borne*, 210 S.W.3d 782, 787 (Tex. App.—Corpus Christi-Edinburg 2006, pet. denied) (Judicial advisory opinions are constitutionally prohibited); *cf. Green v. Bannasch*, 2015 U.S. Dist. LEXIS 70404, at *7, n.3 (M.D. Fla. June 1, 2015) (Assailing a defendant's motion to dismiss which requested dismissal of a claim that plaintiff did not even assert).

## PRAYER

Appellant Kenneth Craig Miller asks the court to:

- reverse the *Order and Final Judgment*, render an order denying that Greg County's *Plea to the Jurisdiction* is denied, and remand the case for further proceedings on the merits;[15]

---

[15] Similar to the disposition in *Am. Express Centurion Bank v. Haryanto*, 491 S.W.3d 337, 348 (Tex. App.—Beaumont 2016, no pet.).

- [to the extent the court affirms the *Order and Final Judgment*], modify the judgment to remove the "with prejudice" aspect of the dismissal;[16]

- award him his costs pursuant to TEX. R. APP. P. 43.4; and

- grant any other relief to which he is entitled.

Respectfully Submitted,

By: */s/* ~~Andrew R. Korn~~

    ANDREW R. KORN
State Bar of Texas Identification No. 11683150

THE KORN DIAZ FIRM
4221 Avondale Avenue
Dallas, Texas 75219
(214) 521-8800 (Telephone)
(214) 521-8821 (Fax)
akorn@kbdtexas.com (email)

ATTORNEYS FOR APPELLANT
KENNETH CRAIG MILLER

---

[16] As done in *Decker v. Dunbar*, 200 S.W.3d 807, 812 (Tex. App.—Texarkana 2006, pet. denied).

# CERTIFICATE OF COMPLIANCE

I certify that this Appellant's Brief was prepared using Microsoft Word 2016, and that, according to that program's word-count function, the sections covered by TRAP 9.4(i)(l ) contain 5,354 words.

By: */s/* ~~Andrew R. Korn~~
Andrew R. Korn

# CERTIFICATE OF SERVICE

This instrument was served on December 1, 2017, in compliance with TEX. R. APP. P. 9.5(b)(1) as follows:

Robert S. Davis, Esq.                     Via ECF
FLOWERS, DAVIS, P.L.L.C.
1021 ESE Loop 323, Suite 200
Tyler, Texas 75701

ATTORNEY FOR APPELLEE
GREGG COUNTY, TEXAS

By: */s/* ~~Andrew R. Korn~~
Andrew R. Korn

## <u>A**PPENDIX**</u>

1. *Order and Final Judgment* C.R. 305

2. D-3 Handwritten Note from Kenneth Miller

3. D-4 Open Records Request

# App.1

Cause No. 2017-703-CCL2

| | | |
|---|---|---|
| **KENNETH CRAIG MILLER,** | § | **IN THE COUNTY COURT AT LAW** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **NO. 2** |
| | § | |
| **GREGG COUNTY, TEXAS,** | § | |
| **Defendant.** | § | **GREGG COUNTY, TEXAS** |

## ORDER AND FINAL JUDGMENT

On this day, came on to be considered, the above entitled and numbered cause of action, and after a review of all pleadings, motions, admissible documents and live testimony presented to the Court, the Court makes the following determinations:

Defendant's Plea to the Jurisdiction is well taken and is hereby in all things GRANTED. Therefore, the Plaintiff's claims for injunctive and declaratory relief are denied with prejudice to refiling. The Plaintiff's claims for damages are denied with prejudice to refiling because their has been no waiver of sovereign/governmental immunity. The Plaintiff's request for mandamus relief is denied with prejudice to refiling, as Gregg County has provided all the responsive documents that existed or have shown that no such documents exist.

Gregg County's request for attorneys' fees and costs is denied.

Any and all other relief, at law or in equity, requested by either party, is denied. Plaintiff's claims are hereby dismissed with prejudice to refiling. This constitutes a final judgment of the Court.

SIGNED this ___*2*/___ day of August, 2017.

_____
Judge Joe D. Clayton, Sitting by Designation

**305**

# App.2

2017-703-CCL2

Sheriff Cerliano,

PLEASE CALL ME AND ADVISE OF THE PROGRESS OF phone Records search, SPOKE WITH CHIEF DEPUTY WILLEFORD on 1/28/14, HOPED TO HEAR SOMETHING THIS WEEK,

Thank you
KEN C. MILLER

( CELL
903-738-3545 )

Deputy Barron
2/3/2015

Δπ EXHIBIT 3
Deponent_____
Date_____ Rptr._____
WWW.DEPOBOOK.COM

**Exhibit A**
148

# App.3

2017-703-CCL2

March 3, 2015

Sheriff Cerilano,

Under the Public Information Act, I am making an open records request regarding the information you and I had discussed and was promised to be delivered on multiple occasions. In this formal request I am requesting the items contained in the subpoena from the United States District Court (attached). In addition I am requesting the following:

1. All phone call records for Neal Coulter 903-738-2382, and 903-759-2822
2. All phone call records for Chief Davis 903-445-8649.
3. All recordings for the Gregg County Sheriff's office including dispatch for the dates of May 3, 4, & 5, 2014 for the hours 7a.m. to 7p.m.
4. All recordings including dispatch for the date of April 17, 2013 from 3p.m. to 10p.m.
5. All recordings including dispatch for the date of September 8, 2013 from 12p.m. to 4p.m.
6. The phone call logs for Tony Monsivais badge number 190 for the above dates if any portion of his phone is paid by public funds. *No records maintained by Gregg County*

I realize this is a lot of information and there will be cost associated with supplying this information. I will be glad to pay any reasonable cost associated with the record retrieval. You may send this information certified mail to 5421 State Hwy 300, Longview Texas 75604 or call 903-738-3545 and I will pick them up in person.

Thank you,

Ken C Miller

Δπ EXHIBIT 4
Deponent_____
Date_____ Rptr._____
WWW.DEPOBOOK.COM

Exhibit A
149